UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Donald Doidge,<br><br>              Plaintiff,<br>   v.<br><br>J Cobb Insurance Group; and DOES 1-10, inclusive,<br><br>              Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, Donald Doidge, says by way of Complaint against Defendant, J Cobb Insurance Group, as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendants transact business in the State of New Jersey.

## PARTIES

3. The Plaintiff, Donald Doidge ("Plaintiff"), is an adult individual residing in Egg Harbor Township, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant J Cobb Insurance Group ("JCIG"), is a New Jersey business entity with an address of 6 Village Center Drive, Swedesboro, New Jersey 08085, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by JCIG and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. JCIG at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, JCIG placed calls to Plaintiff's cellular telephone in an attempt to solicit auto insurance to Plaintiff.

8. The calls were placed to Plaintiff's cellular phone, number 609-xxx-3320.

9. The calls were placed from telephone number 856-345-0432.

10. When Plaintiff answered JCIG's calls, he was met with a period of silence followed by an automated click at which point the call would disconnect.

11. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) as per the definitions contained in the TCPA.

12. Plaintiff has no business relations with JCIG and never requested by an agreement or otherwise that he be contacted.

13. Plaintiff never provided his cellular telephone number to JCIG and never provided his consent to JCIG to be contacted on his cellular telephone.

14. Plaintiff does not know how JCIG acquired his cellular phone number.

15. Plaintiff does not believe he provided his cellular telephone number while searching online for a car.

16. Plaintiff did not wish to be called by JCIG and did not provide his express consent to be contacted by JCIG.

17. In or around January 2016, Plaintiff informed JCIG that he did not own a car and was not interested in auto insurance at that time, and as such, requested that all calls to him cease.

18. Nonetheless, JCIG continued placing automated calls to Plaintiff's cellular telephone.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ*.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephones using an ATDS or predictive dialer.

21. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

22. Defendants' telephone systems have some earmarks of a Predictive Dialer.

23. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

24. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. The telephone number called by Defendants was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

28. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 4, 2017

                              Respectfully submitted,

                              By: /s/ Sofia Balile

                              Sofia Balile, Esq.
                              Lemberg Law, LLC
                              43 Danbury Road
                              Wilton, CT 06897
                              Phone: (917) 981-0849
                              Fax:    (888) 953-6237